# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

THOM DILLARD,                    :
                                 :
            Plaintiff,           :
                                 :
      v.                         :        CIVIL ACTION NO.
                                 :        1:08-CV-1740-JOF
THOMAS RUSHTON BAKER and         :
FINANCIAL INDICES INVESTMENT,    :
LLC,                             :
                                 :
            Defendants.          :

## OPINION AND ORDER

The instant matter is before the court on Plaintiff Thom Dillard's Motion for Summary Judgment [17] and Defendant Thomas Rushton Baker's Plea in Stay of Bankruptcy [31].

In late 2006 Defendant Baker called Plaintiff, whom he had met socially, seeking to invest Plaintiff's money. Baker allegedly represented to Plaintiff that he could earn a thirty to forty percent return on his money with low to moderate risk. As a result of this conversation, Plaintiff wired $225,000 to Baker's business, Defendant Financial Indices Investment, LLC ("Financial Indices"). Plaintiff ultimately learned that Baker was not an appropriately registered securities dealer and demanded the return of his investment. When Defendants failed to respond to Plaintiff's request, Plaintiff filed the instant suit alleging

violations of the Securities and Exchange Act of 1934, 15 U.S.C. § 78a, *et seq.,* and the Georgia Securities Act, O.C.G.A. § 10-5-1, *et seq.,* and demanding an accounting and attorneys' fees.

Plaintiff moved for summary judgment on September 2, 2008. On December 3, 2008, Defendant Baker filed for bankruptcy under Chapter 7 of the United States Bankruptcy Code. Two days later he informed this court. Under 11 U.S.C. § 362 this court must automatically stay, with certain exceptions, any action or proceeding against a Chapter 7 debtor that was or could have been commenced before his bankruptcy case was filed. As such, this matter is stayed with respect to the debtor Defendant Baker. This court must decide, however, whether to stay this action with respect to Defendant Financial Indices, which to the court's knowledge, has not filed for bankruptcy.

The extension of an automatic stay to a debtor's co-defendants does not occur as a matter of course and is only proper in unusual circumstances. *Johnson v. Flatau (In re Stewart)*, 329 B.R. 910, 914 (M.D. Ga. 2005). *See also Arnold v. Garlock, Inc.*, 278 F.3d 426, 436 (5th Cir. 2001) (discussing circumstances of such stays); *Sav-A-Trip, Inc. v. Belfort*, 164 F. 3d 1137, 1139 (8th Cir. 1999) (same); *A.H. Robins Co. v. Piccinin, (In re A.H. Robins Co.),* 788 F. 2d 994, 999 (4th Cir.), *cert denied*, 479 U.S. 876, (1986) (same). Such unusual circumstances occur when there is such an identity of interest between the debtor and another defendant that the debtor may be said to be the real party defendant and

2

that a judgment against the other defendant would be in effect a judgment against or a finding against the debtor. *A.H. Robins Co.*, 788 F.2d at 999. Here, it appears that Defendant Financial Indices is a solo operation controlled by and financially backed by Defendant Baker. The court finds that any judgment by this court against Financial Indices would in essence be a judgment against Defendant Baker and would thus be improper while Baker's bankruptcy is pending.

This court will STAY this matter in its entirety until the conclusion of Baker's bankruptcy proceeding. The court DIRECTS Defendant Baker to file a status report with the court within six months from the date of this order to update the court on the status of the bankruptcy proceeding. The court DENIES Plaintiff's Motion for Summary Judgment [17] without prejudice and with leave to renew at the conclusion of Defendant Baker's bankruptcy proceeding.

**IT IS SO ORDERED** this 14th day of April 2009.


_____s/ J. Owen Forrester_____
J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)